UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
STATE OF NEW YORK,

                      Plaintiff,

       - against -

INDIA IMAN VIDAL-BEY, *ex rel. India Teneara Jones-Rogers*,

                      Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-3529 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

On June 13, 2022, *pro se* Defendant India Iman Vidal-Bey, residing in Georgia, filed this action purportedly as a removal of an action captioned *State of New York v. India Man Vidal-Bey Ex Rel: India Teneara Jones-Rogers*. (Dkt. 1 ("Notice of Removal") at ECF 1.[1]) The Court grants Defendant's request to proceed *in forma pauperis* ("IFP") solely for the purpose of this Order. (Dkt. 4.) For the reasons set forth below, this action is dismissed. Defendant may file an amended notice of removal within thirty (30) days of this Order.

## BACKGROUND

Defendant Vidal-Bey appears to allege that the "STATE OF NEW YORK is proceeding [against her in a state court action] with lack of personam jurisdiction in order to take full control of my parental rights" and references the Family Court Act and "a current court date wanting for me to appear on June 14th 2022." (Dkt. 1 at ECF 1.) Defendant, however, does not provide the location where the state court action was filed and/or is pending, the index number of the state court action, or when the state court action was commenced against her. Liberally construed,

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

Defendant appears to seek the Court's intervention in a pending Family Court case involving Defendant and her children's father, Justyn Page.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021). Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I. NOTICE OF REMOVAL

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal based solely upon diversity of citizenship is governed by 28 U.S.C. § 1441(b). The "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011).

A defendant seeking to remove a state court civil action must provide "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and order served upon [the] defendant . . . in such action." 28 U.S.C. § 1446(a).  To be timely, a notice of removal must be filed within 30 days after receipt by the defendant if removal is based on a federal question, 28 U.S.C. § 1446(b), or within one year from the commencement of the action if removal is based on diversity of citizenship, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action," 28 U.S.C. § 1446(c).  "Failure to file within the . . . filing period leads to an automatic defeat of the removal petition." *Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001); *see also Khakimova v. Acme Mkts. Inc.*, No. 20-CV-2734 (ARR), 2020 WL 5511537, *2 (E.D.N.Y. Sept. 14, 2020).  Removal statutes are to be strictly construed and all doubts should be resolved in favor of remand.  *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir. 1994); *Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 424 (E.D.N.Y. 2017).  Moreover, courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

Here, Defendant does not allege the basis for seeking removal or even identify the state court action she is purportedly seeking to remove to this Court.  She also fails to provide any documents related to the state court action as required under the removal statute.  As currently presented, the Court cannot determine if this action has been properly filed as a notice of removal and, if so, whether it was timely filed.  Accordingly, the Court dismisses the notice of removal without prejudice.

## II.    FAMILY COURT PROCEEDING

Furthermore, even if Defendant were to provide the requisite information regarding the state action, to the extent this "removal" action is premised on diversity jurisdiction (*see* Dkt. 1 at ECF 22), the domestic relations exception deprives the Court of subject matter jurisdiction, *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) (domestic relations exception to subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019); *Ashmore v. New York*, No. 12-CV-3032, 2012 WL 2377403 (JG), at *1 (E.D.N.Y. June 25, 2012) ("Federal courts lack jurisdiction to interfere with ongoing state court proceedings concerning the custody and care of children." (internal quotation marks and brackets omitted)).  To the extent Defendant's claims are premised on federal question jurisdiction, the domestic relations abstention doctrine prevents the Court from intervening unless Defendant can show an obstacle to the full and fair determination of that dispute in state court.  *Deem*, 941 F.3d at 622–24; *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Reeves v. Reeves*, No. 22-CV-2544 (JGK), 2022 WL 1125267, at *1 (S.D.N.Y. Apr. 14, 2022) (remanding notice of removal to Family Court).  Defendant has not alleged facts to show an obstacle in the state court proceeding and has "hired a new legal team" to represent her.  (Dkt. 1 at ECF 22.)

## III.    STATE OF NEW YORK

Finally, Defendant cannot sue the State of New York as it is entitled to immunity. Absent a waiver of immunity or congressional legislation specifically overriding immunity, the Eleventh Amendment bars a federal court action against a state, its agencies, or its agents.  U.S. Const. amend. XI; *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *Nachmenson v. NYS Dep't of Labor*, No. 20-CV-5873 (PKC), 2022 WL 1093195 (PKC), at *2 (E.D.N.Y. Apr. 12, 2022).

## CONCLUSION

For the reasons explained above, this action is dismissed. In light of Defendant Vidal-Bey's *pro se* status, the Court grants her leave to file an amended notice of removal within thirty (30) days from the date of this Order. If Defendant elects to file an amended notice of removal, it must be captioned "Amended Notice of Removal" and bear the same docket number as this Memorandum & Order, No. 22-CV-3529 (PKC) (MMH). The amended notice of removal will replace the original notice of removal and must therefore stand on its own without reference to the original notice of removal. In the amended notice of removal, Defendant must provide the grounds for removal, the date the state court action was commenced, and the date she was served with process; and she MUST attach a copy of the state court documents, such as the summons, complaint, and any orders served upon her or her attorney. The amended notice of removal must contain the caption in the state court action Defendant seeks to remove to federal court. Furthermore, Defendant must set forth facts to show that the Court has subject matter jurisdiction over her claims. Legal conclusions and conclusory claims will not suffice.

All further proceedings shall be stayed for thirty (30) days. If Defendant does not file an amended notice of removal within thirty (30) days or show good cause why she cannot comply, the Court shall direct the Clerk of Court to enter judgment and close this case.[2] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] Ordinarily, a notice of removal is remanded to the state court if it cannot proceed in federal court. However, because Defendant has not provided any state court documents or identifying information regarding the state court case (*e.g.*, the complete case caption), the Court cannot remand the case to state court pursuant to 28 U.S.C. § 1447.

5

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 21, 2022
      Brooklyn, New York