UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
STATE OF NEW YORK,

              Plaintiff,

    - against -

INDIA IMAN VIDAL-BEY, *ex rel. India Teneara Jones-Rogers*,

              Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-3529 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

On June 13, 2022, *pro se* Defendant India Iman Vidal-Bey, residing in Georgia, filed this action against the State of New York, via a document titled "Notice of Removal." (Notice of Removal ("Removal"), Dkt. 1 at ECF 1.[1]) By Memorandum & Order dated July 21, 2022, the Court granted Defendant's request to proceed *in forma pauperis* ("IFP") and dismissed the action with leave to file an amended notice of removal within 30 days, noting that the initial Removal did not identify what state court action Defendant was attempting to remove to this Court, from what state court, or on what basis. (Memorandum & Order ("M&O"), Dkt. 6.)

On August 16, 2022, Defendant filed an Amended Notice of Removal, explaining that she seeks to remove a Queens County Family Court ("Family Court") matter to this Court. (Amended Notice of Removal ("Am. Removal"), Dkt. 7.) Specifically, Defendant challenges a Family Court Order dated November 10, 2021, awarding custody of Defendant's two minor children to Justyn Page. (Am. Removal, Dkt. 7.) Because Defendant fails to cure the deficiencies outlined by the Court in its prior M&O, and also fails to show that this Court has subject matter jurisdiction over

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

this action, it is dismissed without prejudice and the Clerk of Court is directed to enter judgment and close this case.

## BACKGROUND

In the original Removal, Defendant alleged that the "STATE OF NEW YORK is proceeding with lack of personam jurisdiction in order to take full control of my parental rights" and referenced the Family Court Act and "a current court date wanting for me to appear on June 14th 2022." (Removal, Dkt. 1, at ECF 1). Defendant, however, did not provide the title of the state court action, the name and location of the state court action, the index number of the state court action, or when the state court action was commenced against her. Defendant was permitted 30 days to file an amended complaint.

In the Amended Removal, Defendant includes only one state court document—a final order on a petition for custody issued by the Family Court on November 10, 2021—and no other documents. (Am. Removal, Dkt. 7, at ECF 2.) Defendant seeks removal of that Family Court action based on her "complete disagreement [with] the court order . . . received from the state of New York dated November 10, 2021." In support of her removal request, Defendant also refers to her "status [as] outside the State of New York's jurisdiction as [she is] a National of Al Morocco (currently North America)" and invokes her "treaty rights from the Treaty of Peace and Friendship." (*Id.* at ECF 1.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021). Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant attempts to remove this action based on diversity of citizenship (Am. Removal, Dkt. 7, at 1), and thus the request is governed by 28 U.S.C. § 1441(b). The "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011).

A defendant seeking to remove a state court civil action must provide "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and order served upon [the] defendant . . . in such action." 28 U.S.C. § 1446(a). Despite informing Defendant of this requirement in its prior M&O, Defendant has still failed to provide the Court with all of the documents from the state court action.

Furthermore, when removal is based on diversity, the notice of removal must be filed within one year from the commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28

3

U.S.C. § 1446(c). Defendant does not allege when the Family Court action was commenced against her, but the Family Court Order indicates that "Justyn Page . . . filed a petition on March 4, 2020 . . . requesting an order awarding custody." (Am. Removal, Dkt. 7, at ECF 2.)

Defendant filed this action on June 13, 2022, well beyond the period for commencing removal, and there is no evidence of bad faith by Plaintiff preventing Defendant from removing earlier. Removal statutes are to be strictly construed and all doubts should be resolved in favor of remand. *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 424 (E.D.N.Y. 2017). Accordingly, Defendant's "[f]ailure to file within the . . . filing period leads to an automatic defeat of the removal petition." *Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001); *see also Khakimova v. Acme Mkts. Inc.*, No. 20-CV-2734 (ARR), 2020 WL 5511537, at *2 (E.D.N.Y. Sept. 14, 2020).

Moreover, courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Ar baugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Here, Defendant makes clear that she is not attempting to remove a pending action, but challenging a final order issued by the Family Court because she is in "complete disagreement" with the order. (Am. Removal, Dkt. 7, at ECF 1.) This Court does not have jurisdiction to override a decision issued by the Family Court concerning child custody. *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) (domestic relations exception to subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019); *see also Ashmore v. New York*, No. 12-CV-3032, 2012 WL 2377403 (JG), at *1 (E.D.N.Y. June 25, 2012) ("Federal courts lack jurisdiction to interfere with ongoing state

4

court proceedings concerning the custody and care of children." (internal quotation marks and brackets omitted)).

Finally, Defendant's reliance on the Treaty of Peace and Friendship (Am. Removal, Dkt. 7, at ECF 1) does not provide a basis for the Court's jurisdiction. *See, e.g.*, *Powell v. New York State Dept. of Educ.*, No. 18-CV-7022 (RPK), 2022 WL 900605, at *5–8 (E.D.N.Y. Mar. 28, 2022) (collecting cases); *Bey v. Furman*, No. 21-CV-4090 (WFK), 2021 WL 3725987, at *2 (E.D.N.Y. Aug. 23, 2021) (collecting cases).

## CONCLUSION

For the reasons explained above, this *in forma pauperis* action is dismissed without prejudice for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.[2] The Clerk is further directed to restrict access to Dkt. 7, Page 2, because it contains the names of minor children.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: August 30, 2022
    Brooklyn, New York

---

[2] Ordinarily, if a case removed from state court cannot proceed in federal court, the case is remanded to the state court. Here, however, there does not seem to be a pending case in state court, so the Court cannot remand the case pursuant to 28 U.S.C. § 1447.